UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| i: a Sentiment Man – Petro Siruk, and<br>i: a Sentiment Woman – Marina Siruk, | Case No. 20-cv-2385 (NEB/TNL) |
| Plaintiffs, | |
| v. | **REPORT & RECOMMENDATION** |
| State of Minnesota,<br>City of Elk River, and<br>Sherburne County, | |
| Defendants. | |

---

This matter comes before the Court on pro se Plaintiffs Petro and Marina Siruk's application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, pursuant to 28 U.S.C. § 1915(a)(1) and screening of their Complaint, ECF No. 1, in accordance with 28 U.S.C. § 1915(e)(2)(B). For the reasons stated herein, it is recommended that the Siruks' federal constitutional claims be dismissed without prejudice; any state-law claims be dismissed without prejudice for lack of subject-matter jurisdiction; and their IFP application be denied as moot.

### I. IFP APPLICATION & SCREENING UNDER § 1915(e)(2)(B)

**A. Legal Standard**

An IFP application will be denied, and an action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Any plaintiff who proceeds IFP is subject to having his or her

complaint screened under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service.").

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

"In evaluating whether a pro se plaintiff has asserted sufficient facts to state a claim, [courts] hold a pro se complaint, however inartfully pleaded, to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon,* 747 F.3d 537, 541 (8th Cir. 2014) (quotation omitted). Thus, "if the essence of an allegation is discernible, . . . the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). But, "[a]lthough pro se complaints are to be construed liberally, 'they still must allege sufficient facts to support the claims advanced.'" *Stringer v. St. James R-1 Sch.*

*Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quoting *Stone*, 364 F.3d at 914). Stated differently, "this standard does not excuse pro se complaints from 'alleg[ing] sufficient facts to support the claims advanced.'" *Gerstner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (per curiam) (alteration in original) (quoting *Stone*, 364 F.3d at 914).

### B. Section 1983

As best as this Court is able to tell, the Siruks appear to be attempting to allege violations of their federal constitutional rights and assert claims pursuant to 42 U.S.C. § 1983 based on references to "persons acting under color of law" who infringed or otherwise deprived them of "inalienable retain [sic] certain rights [and] exercise of certain beliefs which are secured and guaranteed by the Constitution of the United States." ECF No. 1 at 1; *see also* ECF No. 1 at 1 (alleging "deprivation of liberty, life, property, pursue [sic] of happiness, rights, [and] beliefs").

"Section 1983 creates a species of tort liability for the deprivation of any rights, privileges, or immunities secured by the Constitution." *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017) (quotations and citations omitted). In relevant part, § 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

"To state a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right secured by the Constitution and the laws of the United States and that the deprivation

3

was committed by a person acting under color of state law." *Alexander v. Hedback*, 718 F.3d 762, 765 (8th Cir. 2013); *see* 42 U.S.C. § 1983.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear." *Gurman v. Metro Housing and Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011). In other words, the complaint "must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Adams v. Am. Family Mut. Ins. Co.*, 813 F.3d 1151, 1154 (8th Cir. 2016) (quotation omitted).

Similar to the complaint filed by the Siruks in *Siruk v. Cofman*, No. 20-cv-1639 (NEB/DTS) ("*Siruk II*"), the instant Complaint "offers only a few hints as to what this litigation is about." 2020 WL 6435033, at *1 (D. Minn. Sept. 10, 2020) [hereinafter *Siruk II R&R*], *report and recommendation adopted*, 2020 WL 6434789 (D. Minn. Nov. 2, 2020) [hereinafter *Siruk II Order*]. The allegations are vague and abstract. Again as best as this Court is able to tell, they appear to relate to an alleged "trespass" committed by Defendants. The Siruks allege that Defendants "trespass[ed] upon [their] property"; such trespass began in or around December 2015 and has continued until at least November 2020; such trespass "did and does harm and [cause] injury to [their] property"; "the causal agent [or agents] of the trespass" was or were "acting under color of law"; and the actions of "the causal agent [or agents]" deprived or otherwise infringed upon the Siruks' constitutional rights. ECF No. 1 at 1. It is not apparent from the Complaint who the "causal agent"/agents is/are, how

4

such agent/agents is/are employed or otherwise associated with Defendants, what Defendants or their "causal agent[s]" did that constituted the purported "trespass," or how the Siruks' property was harmed or injured.

There are also additional problems. First, the Siruks may not sue Defendant State of Minnesota in federal court based on a violation of § 1983. "In our constitutional scheme, a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020); *see also, e.g.*, *Fryberger v. Univ. of Arkansas*, 889 F.3d 471, 473 (8th Cir. 2018) ("Under the Eleventh Amendment and constitutional principles of sovereign immunity, an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.") (quotation omitted). Defendant State of Minnesota "has not waived its sovereign immunity with regard to suits brought under §[] . . . 1983." *Hussein v. Minnesota*, No. 19-1913 (DSD/TNL), 2019 WL 5693733, at *2 (D. Minn. Nov. 4, 2019), *aff'd*, No. 19-3454, 2020 WL 2465352 (8th Cir. Jan. 21, 2020); *see also, e.g.*, *Hummel v. Minnesota Dep't of Agric.*, 430 F. Supp. 3d 581, 587 (D. Minn. 2020).

Second, governmental entities like Defendants City of Elk River and Sherburne County are not generally liable for their employees' actions under § 1983. *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1227 (8th Cir. 2015). A local government cannot be held vicariously liable under § 1983 for injury inflicted solely by its employees or agents. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *accord Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007). "[A] governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation . . . ." *Kentucky*

*v. Graham*, 473 U.S. 159, 166 (1985) (quotation omitted). "[I]t is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694; *see also Connick v. Thompson*, 563 U.S. 51, 60-61 (2011). Accordingly, "a plaintiff must identify a governmental policy or custom that caused the plaintiff's injury to recover from a governmental entity under § 1983." *Brockinton*, 503 F.3d at 674 (quotation omitted); *accord White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) ("Since § 1983 does not allow for vicarious liability, a plaintiff must identify a governmental policy or custom that caused the plaintiff's injury to recover under that statute." (quotation omitted)); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("[O]ur first inquiry in any case alleging municipal liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). The Siruks have not identified, or even alleged the existence of, any particular policy or custom of Defendants City of Elk River and Sherburne County causing the purported deprivations.

Accordingly, the Siruks have failed to state claim for relief pursuant to § 1983 based on alleged violations of their federal constitutional rights against any of Defendants.[1]

**C. Jurisdiction**

Having concluded that the Siruks' only arguable federal claims—those brought pursuant to § 1983—have not been sufficiently pled, the Court must consider whether it

---

[1] And, as was previously explained to the Siruks, "the Seventh Amendment merely ensures the right to a trial by jury in civil matters arising under the common law and does not provide a font for an independent cause of action." *Siruk II R&R*, 2020 WL 6435033, at *2.

6

has jurisdiction to hear the remainder of the Siruks' case. *See, e.g.*, *Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1138-39 (8th Cir. 2014); *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "[A] court's subject-matter jurisdiction defines its power to hear cases." *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 560 (2017). Subject-matter jurisdiction "represents the extent to which a court can rule on the conduct of persons or the status of things." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quotation omitted).

The Siruks have not identified the basis for this Court's exercise of jurisdiction.[2] "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction." *Id.* (quotation omitted). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* "She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.*

As stated above, the Court has concluded that the Siruks' only arguable federal-

---

[2] This too violates Rule 8(a). Fed. R. Civ. P. 8(a)(1) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction").

7

question claims have not been sufficiently pled. Therefore, § 1331 is not available to them.[3] Nor have the Siruks alleged facts from which the Court could conclude that diversity jurisdiction exists. Under § 1332, federal courts have original jurisdiction over civil actions involving citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). The Siruks live in Becker, Minnesota, *see, e.g.*, ECF No. 1-1, and Defendants are all governmental entities in Minnesota.

Moreover, to the extent the Complaint could be read as asserting common or state-law tort claims (such as trespass) in addition to the deficient federal civil-rights claims, "the Eighth Circuit has made clear that when all federal claims in a complaint have been dismissed before trial (as is recommended here), the court should decline to exercise supplemental jurisdiction over the remaining state law claims." *Siruk II R&R*, 2020 WL 6435033, at *3 (citing *Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008)); *see also, e.g.*, *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020) ("[W]hen a district court has dismissed every federal claim, as here, judicial economy, convenience, fairness, and comity will usually point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotation omitted).

### D. Summary

Having concluded that (a) the Siruks have failed to state a claim for relief under § 1983 for alleged violations of their federal constitutional rights; (b) there exists no other

---

[3] Nor does invocation of the Seventh Amendment create a freestanding basis for jurisdiction. *See, e.g.*, *Crook v. Shea*, No. EDCV 20-1154 JGB (SHKx), 2020 WL 5947619, at *2 (C.D. Cal. Aug. 7, 2020); *Galvan v. Nelson*, No. 1:15-CV-00285-JAW, 2016 WL 2976632, at *2 n.3 (D. Me. Jan. 25, 2016), *report and recommendation adopted*, 2016 WL 2977264 (D. Me. May 20, 2016); *Donaldson v. New York City Dep't of Educ.*, No. 09-CV-2816 (JG), 2010 WL 935560, at *3 (E.D.N.Y. Mar. 12, 2010), *aff'd*, 442 F. App'x 601 (2d Cir. 2011).

basis for federal-question jurisdiction under § 1331; (c) there exists no basis upon which to conclude the parties are citizens of different states and the existence of diversity jurisdiction under § 1332; and (d) the exercise of supplemental jurisdiction over any remaining state-law claims would be inappropriate, the Court recommends that this action be dismissed without prejudice in its entirety.

## II. FUTURE FILINGS

In closing, the Siruks are encouraged to exercise caution before they institute future litigation of this nature. "The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (quotation and citation omitted). Individuals who file a large volume of cases that are found to be frivolous can be subject to partial or complete restriction of their ability to file claims without the Court's prior authorization. *See, e.g.*, *Sassower v. Carlson*, 930 F.2d 583, 584 (8th Cir. 1991) (litigant who engaged in pattern of filing frivolous claims may be ordered to obtain court-approval before filing future lawsuits); *see also Slayton v. Mower Cty. Sheriff's Office*, No. 19-cv-1294 (DWF/TNL), 2020 WL 736683, at *4-5 (D. Minn. Jan. 29, 2020) (recommending filing restriction on a frivolous litigant), *report and recommendation adopted*, 2020 WL 733105 (D. Minn. Feb. 13, 2020) (imposing restriction). Monetary sanctions may also be imposed. *See, e.g.*, *City of Shorewood v. Johnson*, No. 11-cv-374 (JRT/JSM), 2012 WL 695855, at *4 (D. Minn. Mar. 5, 2012) (filing restriction and award of fees and costs); *Heimermann v. Ramp*, No. 01-cv-437

9

(ADM/AJB), 2001 WL 1628739, at *2 (D. Minn. Sept. 6, 2001) (filing condition and $750.00 sanction).

Since approximately mid-April 2019, the Siruks have collectively filed nine cases, including this one.[4] Seven of those cases have been filed in the last two months alone.[5] This is now the second case the Siruks have filed where dismissal has been recommended on the same or similar grounds. *See generally Siruk II R&R*, 2020 WL 6435033. If it is determined that some or all of *Siruk III* through *V* and *VII* through *IX*[6] are frivolous or fail to state a claim, or if the Siruks persist in filing frivolous or baseless litigation in the future, the Siruks may be subject to restrictions on their ability to initiate new litigation in this District and/or other appropriate sanctions.

Lastly, the Siruks are reminded that their pro se status does not excuse them from complying with Rule 11 of the Federal Rules of Civil Procedure. *See, e.g.*, *Smith v. Ghana Commercial Bank, Ltd.*, No. 13-cv-1010 (DWF/JJK), 2013 WL 12074959, at *8-9 (D. Minn. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 12074961 (D. Minn. Oct. 8, 2013). Among other things,[7] Rule 11(b) states that, "[b]y presenting to the court a

---

[4] *Siruk v. Assurance Partners LLC et al.*, No. 19-cv-1021 (NEB/SER) (voluntarily dismissed July 24, 2019) (Petro); *Siruk II*, No. 20-cv-1639 (NEB/DTS) (dismissed Nov. 2, 2020) (Petro & Marina); *Siruk v. Misheloff et al.*, No. 20-cv-2269 (PJS/HB) (filed Nov. 2, 2020) (Petro) [hereinafter *Siruk III*]; *Siruk v. Kendall*, No. 20-cv-2270 (JRT/ECW) (filed Nov. 2, 2020) (Petro) [hereinafter *Siruk IV*]; *Siruk et al. v. State of Minnesota (City of Elk River) et al.*, No. 20-cv-2373 (WMW/KMM) (filed Nov. 23, 2020) (Petro & Marina) [hereinafter *Siruk V*]; *Siruk et al. v. State of Minnesota et al.*, No. 20-cv-2385 (NEB/TNL) (filed Nov. 24, 2020) (Petro & Marina) [hereinafter *Siruk VI*]; *Siruk v. Healthy Beverage Company*, No. 20-cv-2431 (ECT/DTS) (filed Nov. 30, 2020) (Petro) [hereinafter *Siruk VII*]; *Siruk v. State of Minnesota et al.*, No. 20-cv-2667 (SRN/ECW) (filed Dec. 28, 2020) (Petro) [hereinafter *Siruk VIII*]; *Siruk v. Mazur et al.*, No. 21-cv-54 (JRT/HB) (filed Jan. 5, 2021) (Petro) [hereinafter *Siruk IX*].

[5] *Siruk III* through *IX*. *See supra* n.4.

[6] *See supra* n.4.

[7] The Siruks would do well to familiarize themselves with the entirety of Rule 11, including but not limited to the various representations a party makes under 11(b) when presenting a document to the Court and the availability of sanctions under 11(c). *See generally* Fed. R. Civ. P. 11.

pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." (Emphasis added). The Court notes that the Siruks have made a false statement in their IFP application by claiming that they were granted IFP status in *Siruk II*. This is not true; their IFP application was denied in that case. *Siruk II Order*, 2020 WL 6434789, at *2 ("The plaintiffs' application to proceed *in forma pauperis* is DENIED.") (citation omitted).

[Continued on next page.]

### III. RECOMMENDATION

Based on the filings, records, and proceedings herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1. The Siruks' federal constitutional claims pursuant to 42 U.S.C. § 1983 be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

2. Any remaining state-law claims be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

3. The Siruks' application to proceed *in forma pauperis*, ECF No. 2, be **DENIED AS MOOT**.

Date: January 14, 2021                    *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota


*Siruk et al. v. State of Minnesota et al.*
Case No. 20-cv-2385 (NEB/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).