# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PETRO SIRUK and MARINA SIRUK, | Case No. 20-CV-2385 (NEB/TNL) |
| Plaintiffs, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| STATE OF MINNESOTA, CITY OF ELK RIVER, and SHERBURNE COUNTY, | |
| Defendants. | |

Petro and Marina Siruk (the "Siruks") filed their Complaint *pro se* and sought permission to proceed *in forma pauperis* ("IFP"). In a Report and Recommendation issued January 14, 2021, United States Magistrate Judge Tony N. Leung recommends dismissing the Complaint without prejudice for failure to state a claim, and denying the IFP motion as moot. (ECF No. 3 ("R&R") at 12.) The Court has reviewed *de novo* those portions of the R&R to which the Siruks have objected, as required by 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b).

The Siruks raise two objections to the R&R, as well as new factual allegations, that deserve a brief discussion.[1]

---

[1] The Court provides this discussion with an aim toward limiting or narrowing further litigation by the Siruks brought in this District. (*See* R&R at 10 n.4 (collecting all cases the Siruks have filed in the District in the last two years).)

1

*IFP Status.* The Siruks' first objection is that—contrary to Judge Leung's finding—they did not make a false statement in applying for IFP status. (R&R at 11; ECF No. 4 at 1.) The Court finds that this objection is irrelevant because, even assuming the Siruks were entitled to proceed IFP, their Complaint must be dismissed for failing to state a claim and a lack of subject-matter jurisdiction. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Carter v. Schafer*, 273 F. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP . . . .").

*Excusable Neglect and the Legal System.* In their second objection, the Siruks appear to argue that the Court should excuse their neglect and failure to follow pleading requirements, the Federal Rules of Civil Procedure, and the like, because they are unsophisticated parties. But as Judge Leung noted, these rules apply to both *pro se* and represented parties. (R&R at 10–11); *see, e.g., Smith v. Ghana Com. Bank, Ltd.*, No. 13-CV-1010 (DWF/JJK), 2013 WL 12074959, at *8-9 (D. Minn. Aug. 8, 2013), *report and recommendation adopted*, 2013 WL 12074961 (D. Minn. Oct. 8, 2013). The Siruks have filed seven cases before this Court since November 2, 2020. (*See* R&R at 10 nn.4, 5); *Siruk v. Robinhood Financial, LLC*, 21-CV-415 (PJS/DTS), filed February 12, 2021. Many of these cases appear to raise identical claims against different parties. (*Compare, e.g., Siruk v. Kendall*, No. 20-CV-2270 (JRT/ECW), *with Siruk v. Minnesota*, No. 20-CV-2373 (WMW/KMM).) Although the Siruks may not understand the rules of filing, they are not

excused from compliance. The Siruks are advised to familiarize themselves with the Court's local rules,[2] as well as the Federal Rules of Civil Procedure,[3] and comply with those requirements in future filings.

*New Facts.* In their objection, the Siruks also bring new factual allegations that they did not present in their Complaint that provide some details behind their claims. (ECF No. 4 at 3–4.) It appears that the Siruks were a party to a lawsuit in Hennepin County district court; they allege that the judge and court reporter in that case conspired against them. (*Id.* at 3.) Apparently, while Petro Siruk was testifying in a hearing, the judge refused to accept his evidence and, following an altercation or continued interruptions, held him in contempt and sent him to jail, where he alleges that he was unjustly treated. (*Id.*) These allegations do not relate to any of Defendants here, with the possible exception of the State of Minnesota. The Siruks have not objected to Judge Leung's recommendation that they cannot sue the State of Minnesota, and the Court need not consider the issue further.[4]

---

[2] Available at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders.

[3] Available at https://www.law.cornell.edu/rules/frcp.

[4] It appears that Petro Siruk has brought a claim based on these allegations in a separate lawsuit in this District. (*See* ECF Nos. 3–4); *Siruk v. Minnesota*, No. 20-CV-2667 (SRN/ECW).

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE; and

2. The motion to proceed IFP (ECF No. 2) is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: February 23, 2021                              BY THE COURT:

                                                      s/Nancy E. Brasel
                                                      Nancy E. Brasel
                                                      United States District Judge